## OREBAUGH, adm'r, v. EQUITY LIFE ASSOCIATION.

It does not necessarily follow that because an insurance company has an agent who resides and has an office in a given county and therein transacts the business of soliciting insurance, the company itself has in that county "an agency or place of doing business." · When, therefore, an action is brought against such a company in a county other than that in which its principal office is located, the jurisdiction of the court is not shown by proving merely that, at the time the contract out of which the suit arose was made, the defendant had in the county a resident agent and that he had therein an office of his own. In such a case it should further appear that the company had established and was maintaining, either in the office occupied by the agent or elsewhere in the county, an agency of its own and under its own control and management for the transaction of its business.

Submitted May 1, — Decided July 18, 1902.

Action on insurance policy.   Before Judge Janes.   Polk superior court.   September 11, 1901.

*Fielder & Mundy*, for plaintiff.
*Blance, Wright & Tison*, for defendant.

LUMPKIN, P. J.   This was an action in the superior court of Polk county, by E. W. Orebaugh, as administrator upon the estate of John A. Orebaugh, against the Equity Life Association, upon a policy of insurance dated August 24, 1898.   The defendant filed a plea to the jurisdiction, in which it alleged that "neither at the time of the making of said contract of insurance, nor when said cause of action accrued, nor at the time of the filing of said suit," did it have any "agency or place of doing business in said county."   The case went to trial upon this plea to the jurisdiction; and after the testimony was closed the court directed a verdict sustaining the plea, and entered a judgment dismissing the action. To this the plaintiff duly excepted.   It affirmatively appeared that the defendant did not have an agency or place of doing business in

Polk county, either at the time the cause of action arose or upon any date subsequent thereto. So the only question really at issue was whether or not the association had an agency or place of doing business in that county at the time the contract of insurance was entered into. There was no testimony tending to show that it had, except that of one Morris, who testified, in substance, as follows: He wrote the policy of insurance sued on. At the time of so doing he was the agent of the defendant association and represented it in Polk and other counties. He had a private office in Cedartown, the rent of which he himself paid. It was his place of doing business. While he did make a statement to the effect that the defendant had established an agency in Cedartown, on his cross-examination the fact was developed that this statement amounted to no more than a bare conclusion upon his part; for he swore positively that the defendant merely appointed him its agent for the territory above indicated, leaving him free to make his headquarters at any point he might choose. He certainly did not testify that the defendant had ever required him to open an office in Cedartown or anywhere else; and he stated no fact from which it could fairly be inferred that the association ever intended to authorize him to establish and conduct in its behalf an agency or place of doing business in Polk county. Indeed, the sum and substance of his testimony was that he was simply employed to act as an agent of the company in soliciting insurance within a designated territory, and that under the terms of his contract with the association he was at liberty to have, or not to have, an office of his own, as might suit his pleasure and convenience, the same to be located, if at all, at such point as he might select.

Upon this state of facts we are quite clear that the trial judge did not err in directing the verdict to which exception is taken. The law of the case is to be considered as finally settled by the decision of this court in *Atlanta Accident Association* v. *Bragg,* 102 *Ga.* 748, in which section 2145 of the Civil Code, which provides for service upon insurance companies, was under consideration and was given what the court then regarded and still regards as its proper construction. The case in hand differs in a very material particular from that of *Western Union Tel. Co.* v. *Bailey,* ante, 725; for in the same it distinctly appeared from the plaintiff's allegations of fact, which the defendant by its demurrer admitted to

be true, that the company had not only an agent in the county, but also an office of its own therein; and this office was, we think, properly treated as its agency or place of doing business.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*