## EQUITY LIFE ASSOCIATION *v.* GAMMON.

The plaintiff's petition was open to demurrer, and should have been dismissed, on the ground that the allegations of fact therein set forth failed to disclose that the court in which suit was instituted had jurisdiction over the insurance company, a foreign corporation, named as the defendant to the action.

Argued May 12, — Decided June 3, 1903.

Action on insurance policy.     Before Judge Hodnett.   City court of Carrollton.   January 10, 1903.

*Sidney Holderness*, for plaintiff in error.

SIMMONS, C. J.   The plaintiff below, Mrs. Marie Ann Gammon, instituted suit against the Equity Life Association upon a policy of life-insurance in which her husband had been named as the insured.   The defendant demurred to the plaintiff's petition, on the ground that she failed to therein set forth any facts showing that the court had jurisdiction to entertain the suit.   The demurrer was overruled, and the defendant excepted.   It was alleged in the petition that the "Equity Life Association is a foreign corporation, organized under the laws of the State of Virginia, whose principal office is in Staunton, Va.;" that it had "been doing business in this State, as such, but now has no public place for doing business in this State, and has no person in this State upon whom service of process can be perfected;" that "said corporation has not appointed and authorized any person resident in this State to acknowledge or receive service of process and upon whom process may be served for and in behalf of said company," but that "the insurance commissioner of this State, under and by virtue of the authority invested in him by the laws of this State, has appointed John C. Printup, of Floyd county, as attorney for service of said company, notice of which appointment has been given to said Printup and to said company, as required by law."   The petition did not disclose whether the defendant did or did not have an agency or place of doing business in Carroll county, in which county the action was instituted, either at the time the contract sued on was entered into or at the time the cause of action accrued.   It is evident, therefore, that no facts were set forth which would authorize the action to be brought under the provisions of the Civil Code, § 2145, which declares that "any insurance company having agencies or more than one place of doing business" in this State shall be subject to suit "within the county where the principal office of such company is located, or in any county where said insurance company may have an agency or place of doing business, or in any county where such agency or place of doing business was located at the time the cause of action accrued or the contract was made out of which said cause of action arose." *Atlanta Accident Assn.*

v. *Bragg*, 102 *Ga.* 748; *Orebaugh* v. *Equity Life Assn.*, 115 *Ga.* 842. As the present suit was instituted on October 22, 1902, the act approved December 17, 1902, amending the code section just cited, has no application to the case, and need not be further noticed.

Presumably the plaintiff sought to bring her suit in accordance with the provisions of the act of October 24, 1887, "to regulate the business of insurance in this State," etc. See Acts of 1887, p. 123; Civil Code, §§ 2057–8. That act declared that "any insurance company not incorporated or organized under the laws of this State, desiring to transact business in this State, shall file with the insurance commissioner . . a written instrument or power of attorney, duly signed and sealed, appointing and authorizing some person, who shall be a resident of this State, to acknowledge or receive service of process, and upon whom process may be served, for and in behalf of such company, in all proceedings that may be instituted against such company in any court of this State, or any court of the United States in this State, and consenting that service of process upon any agent or attorney appointed under the provisions of this section shall be taken and held to be as valid as if served upon the company; and such instrument shall further provide that the authority of such attorney shall continue until revocation of his appointment is made by such company by filing a similar instrument with said insurance commissioner, whereby another person shall be appointed as such attorney: *Provided*, however, that the provisions of this section shall not be construed to alter or amend the laws now of force in this State relative to bringing suits and serving process on foreign corporations doing business in this State. If any attorney so appointed shall absent himself from this State, or his usual place of business or abode, or shall secrete himself, so that process may not be served upon him, or shall have become disqualified from any cause whatever, or shall die, the insurance commissioner shall immediately appoint an attorney for service for such company, of which appointment notice in writing shall be immediately given by said insurance commissioner to such appointee, and also be sent to the company by mail, or to its general agent or manager, which appointment shall be as valid as if made by the company, and shall continue in force until such absent agent or attorney shall return and give to said insurance commis-

sioner written notice thereof, or until the company shall have made another appointment in the manner above prescribed; service of process as aforesaid, issued by any such court as aforesaid, upon any such attorney appointed by the company, or by the insurance commissioner, shall be valid and binding, and be deemed personal service upon such company so long as it shall have any obligations or liabilities outstanding in this State, although such company may have withdrawn, been excluded from, or ceased to do business in this State. If any company shall fail, neglect, or refuse to appoint and maintain within this State such attorney or agent, it shall forfeit the right to do or continue business in this State." That act further provided that any person acting as the agent of and carrying on business for any insurance company which had not received a certificate of authority from the insurance commissioner should be deemed guilty of a misdemeanor. Acts of 1887, p. 122; Civil Code, § 2059.

The evident purpose of the General Assembly in thus providing for the appointment of some person resident in this State who should be authorized to acknowledge or receive service of process was to require every foreign insurance company, as a condition precedent to acquiring a right to carry on business in Georgia, to submit itself to the jurisdiction of the courts of this State and the Federal courts located therein. The proviso, above quoted, to the effect that existing laws "relative to bringing suits and serving process on foreign corporations doing business in this State" should remain of force, is to be understood as an expression of the legislative will that such companies should still be held subject to suit under the provisions of the Civil Code, § 2145, in all instances where suit could be instituted in accordance therewith. As has been seen, that section applies only to an insurance company which has actually established agencies in this State, and not to a foreign corporation which sends its agents into the State for the purpose of soliciting business, but does not have within the State any agency or place of doing business. The act of 1887 was doubtless aimed at such foreign insurance companies as sought, in this manner, to conduct business in this State without submitting themselves to the jurisdiction of the courts therein. These companies were not required to establish agencies, but merely to appoint representatives residing in the State who should be authorized to stand in their

place so far as was necessary to the successful prosecution in the courts of claims against them by persons desiring to bring suit in Georgia.    No foreign insurance company can, in view of this act, acquire a right to do business within the State without first filing with the insurance commissioner the "written instrument or power of attorney" specified.    As to every foreign company failing to comply with the requirement as to appointing a local representative upon whom service could be perfected, the legislative scheme was, not to authorize the insurance commissioner to make an appointment for the company, but to deny to it the privilege of conducting business within the State and punish all persons acting in its behalf who should attempt to carry on its business in violation of the statute.    The appointing power of the insurance commissioner was expressly limited to instances where foreign companies should, before commencing operations, voluntarily appoint local representatives, and should subsequently fail in their duty to "maintain within this State" resident agents authorized to acknowledge service for them.

It is to be observed that the petition filed in the present case contains the unequivocal averment that the defendant corporation failed to make an appointment of a person upon whom service could be perfected.    If, as matter of fact, this allegation be true, then it is obvious that the insurance commissioner was without power, "under and by virtue of the authority invested in him by the laws of this State," to make any appointment which would be binding upon that company, and thus subject it to suit in this State.    It follows that the demurrer filed by the defendant below should have been sustained, the plaintiff not undertaking by way of amendment to allege facts disclosing that the court in which she instituted suit had jurisdiction over the foreign corporation named as the defendant.    *Judgment reversed.    By five Justices.*