MEDICAL COLLEGE OF GEORGIA *v.* RUSHING.

</div>

1. The Medical College of Georgia is a public eleemosynary corporation, and neither by its charter nor by-laws adopted under authority of its charter is a member of the faculty of that institution, or the dean thereof, such an officer or agent of the corporation as is contemplated in the Civil Code, §§ 1899-1900, providing for service of suits against a corporation by serving one of its officers or agents.
2. The clerk of the city court of Richmond county has no power, without some direct and express order of the court, to issue more than one process in a suit against a single defendant.
3. As the defendant had not been legally served, the court was without jurisdiction to pass upon a demurrer filed by the defendant under protest that it was not legally before the court.

<div align="center">

Argued October 9,—Decided November 13, 1905.

</div>

Action for damages. Before Judge Eve. City court of Richmond county. March 1, 1905.

James L. Rushing brought suit against the Medical College of

Georgia, a corporation, in the city court of Richmond county. The petition was filed on the 16th day of August, 1904, and process was attached returnable to the September term, 1904, of the court. Service of this suit was made on Dr. DeSaussure Ford, and the following entry of service was made: "State of Georgia, Richmond County. I have this day served the Defendant, Dr. DeSaussure Ford, President of the Medical College of Georgia, personally with a copy of the within Petition and Process, at Augusta, Ga., this 17th day of August, 1904. G. E. W. Britt, Deputy Sheriff, R. C. Ga." On September 16, 1904, the Medical College filed a traverse to this return of service, making the deputy sheriff a party, who, by leave of the court, amended his return of service so as to make it recite that service upon the defendant had been perfected by serving a copy of the petition and process personally upon Dr. DeSaussure Ford, "Dean of the Faculty of the Medical College." On September 20, 1904, the clerk of the city court, under the direction of the plaintiff's attorney and without any order of court, detached the original process and attached to the petition a new process, returnable to the November term, 1904, of that court. A copy of the petition, accompanied by a copy of this new process, was, on September 25th, served by the deputy sheriff upon W. B. Young, as President of the Medical College. On November 15, 1904, the defendant filed a motion to vacate this entry of service and dismiss the suit, on the ground that the first process attached to the petition was made returnable to the September term, 1904, of the court, and that the clerk was without power, in the absence of an order of court, to detach this process, after the convening of the September term, and attach another process to the petition calling upon the defendant to answer at a later term. The defendant further moved to vacate the entry of service upon Dr. Ford, as Dean of the Faculty, and to dismiss the suit, on the ground that the original entry of service, as amended by the officer, failed to disclose that the person upon whom service was made was either an officer or agent of the corporation. On November 30, all of the pending issues as to service, both of law and of fact, were submitted to the judge for determination, who reserved his decision until January 20, 1905, when he overruled the traverse to the return of service and declined to grant either of the motions to vacate the return of service and dismiss the petition. The defendant filed exceptions pendente lite to these rulings of the

court. Subsequently, on March 1, 1905, the case came on to be heard upon a demurrer to the plaintiff's petition. The court overruled the demurrer, and to this ruling the defendant excepted by suing out a bill of exceptions to this court.

*W. H. Fleming*, for plaintiff in error.    *F. W. Capers*, contra.

EVANS, J. (After stating the facts.)    1. The suit was against the Medical College of Georgia, a public eleemosynary corporation and a branch of the University of Georgia. See Acts of 1828, p. 111; Acts of 1829, p. 107; Acts of 1833, p. 130; Pol. Code, §1300. The original service was upon Dr. Ford, who was designated in the return of service as the "President of the Medical College of Georgia," but who, in the amended entry of service, was designated as "Dean of the Faculty of the Medical College." The undisputed facts brought to light on the trial of the traverse to the return of service disclosed that Dr. Ford was not the president of the college, but was elected a professor or instructor by the board of trustees, and that his coinstructors in the college, comprising the faculty, had selected him as their dean or executive head. The duty of managing the institution and examining into its affairs devolved upon the board of trustees. Act of Dec. 20, 1828, sec. 4. The trustees, together with the regular professors in the institution, were constituted a board of examination, the duty of which was to decide on the merits of such candidates as may have studied in the institution and complied with all the conditions imposed by the board of trustees as preliminary to the examination, and to confer the degree of bachelor of medicine on such as might be worthy of the same. Ibid. The trustees have authority to fill all vacancies in their body which may occur by death, resignation, or otherwise. Ibid. sec. 10. The fourth article of the by-laws provided that the officers of the board of trustees should be a president, vice-president, secretary and treasurer, and an executive committee of three to be elected at each annual meeting. It was admitted that the professors in the Medical College were not paid salaries by the trustees, but that the faculty of the college, when elected by the board of trustees, took charge of the management of the college and collected their own tuition fees and met the expenses of the operation.

No argument is needed in support of the proposition that a teacher or instructor in an incorporated academy or college is in

16

no sense an officer of the corporation. The co-operation of teachers and trustees as a board of examiners to decide on the merits of candidates for a degree to·be conferred by the college relates solely to the educational feature of the project, and does not enter into the business management of the institution. In an ordinary private corporation, whose creation is primarily for the personal gain of its stockholders, and which in the conduct of its affairs employs agents to carry on the general business, service of process on the corporation may be effected on any agent who has some sort of control or authority over some department or sphere of the corporation's business, but not upon a mere employee or servant. *Southern Bell Tel. Co.* v. *Parker,* 119 *Ga.* 721. Where the corporation is eleemosynary in its nature, and not conducted primarily for private gain, and its affairs are administered and superintended by a board of trustees or officers appointed for that purpose, persons employed to effectuate the general objects of the corporation can not be said to be its agents, rather than its employees. A teacher in a college is employed to instruct the students. Many methods may be adopted to raise money with which to pay their salaries. It may be derived from an endowment, or from appeals to the general public, or from matriculation fees. The mode of providing the teachers' compensation does not affect the character of their employment. If the trustees of a school contract with teachers that their compensation is to be measured by the tuition fees less the expenses of operation, it can not be contended the relation of the teacher to the school has been altered by this method of compensation. The arrangement, therefore, between the board of trustees and the faculty, whereby the faculty was to defray the expenses of operating the college and receive as compensation the tuition fees, will not serve to render the faculty or its dean either an officer or an agent in such a sense that process against the corporation may be served upon him so as to conclude the corporation.

2. As has been demonstrated, the service upon Dr. Ford as dean of the faculty of the Medical College was not binding on the corporation. The clerk had no authority, without an express order of court, to detach the original process which had been served upon Dr. Ford and deliver the petition, with the second process attached thereto, for service upon the president of the college. "There being but one suit, one petition, one defendant, the clerk has no power,

without some direct and express order of the court, to issue more than one process. A second process issued by him of his own will, after the appearance term of the case, is void." *Peck* v. *LaRoche,* 86 *Ga.* 314; *Rowland* v. *Towns,* 120 *Ga.* 74.

3. The demurrer was heard after the court's refusal to vacate the return of service and dismiss the suit. The defendant had duly protested that it had not been properly and legally brought before the court, and therefore did not, by interposing its demurrer, waive service. Inasmuch as the court erred in holding that the defendant had been legally served, its subsequent ruling on the demurrer was nugatory and of no effect.

*Judgment reversed. All the Justices concur.*