## UNITED STATES CASUALTY COMPANY *v.* NEWMAN.

Under the circumstances contained in the recital of facts made by the Court of Appeals in propounding the question as to which it desires instructions by this court, the city court of LaGrange had not acquired such jurisdiction of the defendant as would authorize it to proceed to try this action and to render a judgment against the defendant therein.

JANUARY 12, 1912.

The Court of Appeals certified to this court for its instruction thereon the following question of law, the determination of which is deemed necessary to a proper decision of the above-stated case.

"On July 28, 1909, the plaintiff in error, which is a non-resident insurance company, had an agency at LaGrange, in Troup county, and W. C. Ford of said county was the agent in charge of said agency, and continued as such throughout the year 1909. On said date, and at said place, and through said agent, said company issued its policy insuring one H. W. Newman against death from certain accidental causes, the defendant in error being named as the beneficiary. On December 17, 1909, while said policy was in effect, said H. W. Newman was accidentally killed in a way by which it is alleged that the company became liable on said policy. (For the purpose of this question, the liability of the insurance

company on the policy is to be taken as existing.)   On February 21, 1910, Mrs. Newman (the defendant in error) filed an action on said policy in the city court of LaGrange.   The clerk of that court on that day issued process in usual form, returnable to the March term of the court.   On February 24, 1910, the sheriff of that court made return that he had served the defendant by serving "W. C. Ford, their agent, personally" with a copy of the writ. The clerk also issued a second original and process addressed to the sheriff of Fulton county and his deputies (no order of court directing the issuance of this second original is shown) ; and on February 24, 1910, a deputy sheriff of Fulton county made return that he had served the defendant by personally serving "John H. Mullin, the agent and attorney designated by said defendant upon whom service can be made."   At the appearance term, the defendant traversed the return of service which had been made by the sheriff of Troup county, and set up that on the day when the service was made, Ford was not its agent and occupied no relationship to it which would make service on him effectual as against the defendant; and that it had no agent in Troup county on that date. The defendant also specially appeared and moved to dismiss the action on the ground that service had not been legally perfected, because the service on Ford was ineffectual, as he was not its agent; and service in Fulton county on its agent Mullin was nugatory, as there was no authority of law for the making of that service, nor for the issuance of the second original and process directed to the sheriff of Fulton county and his deputies.   Said Mullin was, at the time the suit was filed and the service made, a resident of Fulton county in charge of an agency of the defendant company in Atlanta in that county, and had been designated by the company as its agent to acknowledge service on suits and as agent upon whom service might be perfected, as is required by law. The traverse as to the service on Ford was sustained; and as a matter of fact it is stated, as a part of this question, that W. C. Ford was agent for the defendant company up to December 31, 1909, when his agency terminated, and that since that date the defendant company has not had an agent or agency in Troup county.   Under the facts recited, did the city court of LaGrange have such jurisdiction of the defendant as to authorize it to pro-

ceed to try said action and to render judgment against the defendant therein?"

*Slaton & Phillips* and *Hatton Lovejoy,* for plaintiff in error.

*W. T. Tuggle,* contra.

BECK, J. In case of suit against a non-resident insurance company under the facts and circumstances set forth in the foregoing statement of the facts preliminary to the question in regard to which the Court of Appeals has asked the instructions of this Court, under the decision in the case of *Peters* v. *Queen Insurance Company,* ante, 440 (73 S. E. 664), the method of perfecting service by process is pointed out by the statute. Under the provisions of § 2563 of the Civil Code the city court of LaGrange had jurisdiction of the subject-matter and of the defendant, inasmuch as the defendant had an agency at LaGrange, in said county, at the time of the execution of the contract sued on. The person who was the agent of the company at the time of the execution of the contract had ceased to represent the defendant company as its agent prior to the bringing of this suit; consequently, service upon him of the process was entirely nugatory. The method of service in the case as it stood at the time of bringing the suit is clearly pointed out in Civil Code, § 2564, and could be effected by leaving a copy of the original suit and process at the agency or place of doing business of the company at the time of the making of the contract out of which said suit arose. Inasmuch as the statute provides, under the decision which we have referred to above, a plain method of perfecting service in the county where the suit was brought, there was no necessity or authority for the issuance of the second original for service upon a person resident in another county who had been designated by the defendant company as its agent and attorney upon whom service could be made. The necessity which the court recognized in the case of *Devereux* v. *Atlanta Railway & Power Company,* 111 *Ga.* 855 (36 S. E. 939), as a ground for the court's exercising a power to take proper steps to have service made because of a lack of a provision in the statute for the same, did not exist here. It was not necessary for the court or its officers to travel out of the statute in order to assert its jurisdiction by causing its process to be served on an officer or agent of the defendant in person. Inasmuch as there was no serv-

ice in the one way provided for in the section of the code last cited, and the only way in which, under the circumstances set forth in the recital of facts preliminary to the submission of the question by the Court of Appeals, service could be effected, the court had not acquired such jurisdiction of the person of the defendant as would authorize it to proceed with the trial of the suit, and the question of the Court of Appeals must therefore be answered in the negative.

         *All the Justices concur, except Hill, J., not presiding.*

EVANS, P. J. I specially concur in the judgment. My views on the subject appear in my dissent in the case of *Peters* v. *Queen Insurance Co.,* referred to in the opinion.