23654. AMERICAN INSURANCE COMPANY OF NEWARK
*v.* SEMINOLE COUNTY BOARD OF EDUCATION.

DECIDED SEPTEMBER 25, 1934.

*Smith, Smith & Bloodworth, W. L. Bryan, R. L. Cox,* for plaintiff in error.

*E. C. Smith Jr., Sumter M. Kelley, Spalding, MacDougald & Sibley,* contra.

STEPHENS, J. The Seminole County Board of Education, on

April 1, 1930, brought suit in Seminole superior court against the American Insurance Company of Newark, New Jersey, to recover unearned premiums which it was alleged the defendant owed to the plaintiff after the cancellation of certain alleged policies of fire insurance. It was alleged in the petition that the defendant was a corporation of the State of New Jersey and that it had a duly appointed and authorized named person, who was a resident of the county of Fulton, State of Georgia, as the attorney in fact of the defendant company to accept and receive service of process, and upon whom process could be served in all proceedings instituted against the company in the courts of this State. The petition contained no allegation that the defendant company had no agent within the county in which the suit was filed upon whom service could be perfected. The petition prayed for the issuance of process directed to the defendant, and that a copy of the petition and process be served upon "Otho Benton as the local agent of said defendant company residing in Donalsonville, Seminole county, Georgia." The petition also prayed that "second original issue directed to the sheriff of Fulton county, Georgia, together with copy for service" on the person alleged in the petition as the attorney in fact to receive service residing in the county of Fulton, State of Georgia.

It appears that two processes were issued by the clerk of the court upon the same day. One process which was attached to the original petition was directed to the sheriff of Seminole county or his lawful deputies, requiring the defendant to appear, etc. The other process, which was attached to the second original of the petition, was directed to the sheriff of Fulton county or his lawful deputies, requiring the defendant to appear, etc. An entry of service made by the sheriff of Seminole county upon the original petition alleged as follows: "I have this day served the defendant Otho Benton, agt., personally with a copy of the within petition and process. This second day of April, 1930. I. K. Horn, Sheriff." An entry of service, made by a deputy sheriff of Fulton county, Georgia, upon the second original, recited that service had been perfected upon the defendant by serving the person named in the petition as attorney in fact for the defendant by leaving a copy of the "within writ and process with him the office and place of doing business of said corporation in Fulton county, Georgia." The date of this entry was April 8, 1930.

At the return term of the court the defendant filed a traverse to the return of the sheriff of Seminole county, and denied that Otho Benton, upon whom, it appeared from the return, service had been perfected, was on the second day of April, 1930, the date of service, an agent of the defendant, and alleged that Otho Benton at that time occupied no relationship to the defendant such as would make service on him effectual as against the said defendant. It is further alleged in the traverse that the defendant had not been legally served, had never waived service, and had never appeared and pleaded in the case, and that the defendant, in filing the traverse, made a special appearance solely for the purpose of traversing the return of service and to show that the court had no jurisdiction over the defendant. The sheriff of Seminole county was made a party. The defendant also, at the return term of the court, by specially appearing for that purpose, moved to quash the process attached to the second original and the service had thereon in the county of Fulton, State of Georgia, upon the ground that, as it affirmatively appeared from the petition that the defendant had an agent in Seminole county, Georgia, upon whom service of the petition and process could be perfected, the second original and the process attached thereto were without authority of law, and that this process and the service perfected thereon in the county of Fulton were void. The defendant also filed a plea and answer to the petition.

Later, when the case came on for trial, the plaintiff, in an amendment to the petition, which was allowed and filed, alleged that "plaintiff is informed and believes that the said Otho Benton was not the agent of the defendant company at the time of the institution of this suit." On this same day the plaintiff's motion to strike the defendant's traverse of the return of the sheriff of Seminole county was sustained. The order sustaining the motion reads as follows: "Upon motion of counsel for the plaintiff after the amendment of plaintiff had been allowed, the within traverse is stricken. This Oct. 21, 1931." The court also afterwards, on the same day, overruled the defendant's motion to quash the process attached to the second original and the service thereon. The defendant filed exceptions pendente lite to both orders and assigned error thereon in the bill of exceptions brought to this court. The case proceeded to trial upon the issues made by the petition and the

defendant's plea and answer, and the trial resulted in a verdict for the plaintiff. A motion for new trial was overruled, and the defendant excepted.

■ No question is raised as to the venue of the suit. This was in Seminole county. Civil Code (1910), § 2563. The defendant attacks the validity of the service which purports to be made upon its agent in Seminole county, upon the ground that the person there served as agent was not in fact the defendant's agent upon whom legal service could be perfected; and also attacks the validity of the process directed to the sheriff or his deputies of Fulton county and the service thereon in Fulton county, upon the ground that since it appears from the petition that the defendant had an agent in the county of Seminole in which the suit is pending upon whom legal service could be perfected, this process and the service therein in Fulton county are void.

Service upon an insurance company must be perfected by service upon an agent of the company in the county at the time of the institution of the suit. Civil Code (1910), § 2564. It is only when there is no agent within the county in which the suit is pending upon whom service can be perfected that service can be perfected upon the company in another county by the issuance of a second original with process attached directed to the sheriff of that county. *United States Casualty Company* v. *Newman*, 137 *Ga.* 447 (73 S. E. 667) ; *Jefferson Fire Ins. Co.* v. *Brackin*, 140 *Ga.* 637 (3) (79 S. E. 467) ; *Hagler* v. *Pacific Fire Ins. Co.*, 36 *Ga. App.* 530 (137 S. E. 293).

On the face of the petition, as originally filed, it appears that the defendant company, when the suit was filed, had an agent in the County of Seminole. The plaintiff expressly prayed for the issuance of process and for service upon this agent. The allegation in the petition as to this agency appears only in the prayer that service be made upon "Otho Benton as the local agent of said defendant company, residing in Donalsonville, Seminole County, Georgia." This is an allegation that at the time of the filing of the petition there was a local agent of the defendant company by the name of Otho Benton residing in Seminole county. It therefore appears from the petition that legal service could be perfected upon the defendant's local agent in that county. While it is alleged in the petition that the company was a nonresident and had an

attorney in fact in Fulton county, Georgia, upon whom service could be perfected, and there is a prayer for the issuance of a second original petition and process thereon directed to the sheriff of Fulton county, Georgia, yet since, as appears from the petition, the only valid service that could be perfected must be in Seminole county, it does not appear that the process which was issued on a second original to the sheriff of Fulton County and service thereon were valid. Therefore, as appears on the face of the petition, the process issued to the sheriff of Fulton county for service on the defendant's agent in that county is void. *Peck* v. *LaRoche,* 86 *Ga.* 314 (12 S. E. 638); *Rowland* v. *Towns,* 120 *Ga.* 74 (47 S. E. 581); *Medical College* v. *Rushing,* 124 *Ga.* 239 (52 S. E. 333). Thus far there is a petition filed in which it appears that legal service can be perfected only in the county in which the suit is filed by the service of the petition and process upon an agent of the defendant in the county. Where the officer's return shows that service of the petition and process has thus been perfected, there appears to be a valid suit pending in which valid and legal service has been perfected upon the defendant. A traverse by the defendant of this return, which alleges that the entry of service was perfected upon an agent of the defendant is untrue, presents an issue whether the service, which appears from the petition as the only legal service, has been perfected.

The process directed to the sheriff of Fulton county and the service thereon were originally void. If validity could be read into them by an amendment to the petition afterwards filed, in which it is alleged that at the time of filing the suit the defendant had no agent in the county in which the suit was filed, this process and service is not rendered valid by an amendment to the petition as in this case, in which it is alleged only that the plaintiff is "informed and believes that the said Otho Benton was not the agent of the defendant company at the time of the institution of this suit." An allegation that Otho Benton was not the agent of the defendant company in the county at the time of the institution of the suit is not an allegation that the defendant company at the time had no agent in the county. It may have had another person as its agent in the county. The filing of this amendment therefore did not add any validity to the service as perfected in *Fulton County.* The court therefore erred in dismissing the defendant's traverse.

840

'And since the process directed to the sheriff of Fulton county and the service made thereon were void, it was also error to overrule the defendant's motion to quash this process and service. The subsequent proceedings resulting in a verdict and judgment for the plaintiff were nugatory. The conclusion here arrived at seems to be demanded by *United States Casualty Co.* v. *Newman,* supra.

' What would be the effect upon the status of the case of a verdict and judgment sustaining the defendant's traverse to the entry of service of the sheriff of Seminole county is not for this court to decide. See *Hagler* v. *Pacific Fire Ins. Co.,* supra.

The judgment is reversed upon the ground that the court erred in dismissing the defendant's traverse and in overruling the defendant's motion to quash the process directed to the sheriff of Fulton county and the service perfected in that county.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*