## SEMINOLE COUNTY BOARD OF EDUCATION *v.* AMERICAN INSURANCE COMPANY OF NEWARK.

</div>

<div align="center">No. 10557. MAY 18, 1935.</div>

*Spalding, MacDougald & Sibley, Sumter M. Kelley*, and *E. C. Smith Jr.*, for plaintiff.

*Smith, Smith & Bloodworth, W. L. Bryan*, and *R. L. Cox*, for defendant.

662

BELL, Justice. This case is before this court on the grant of a certiorari. See *American Insurance Co. v. Seminole County Board of Education*, 49 *Ga. App.* 835 (176 S. E. 795).

The Seminole County Board of Education, on April 1, 1930, brought suit in the superior court of Seminole County against the American Insurance Company of Newark, New Jersey, to recover a sum of money alleged to be due the county by the company. The petition alleged that the defendant was a corporation of the State of New Jersey, and that it had duly appointed and authorized a named person, who was a resident of the County of Fulton, State of Georgia, as its attorney in fact to accept and receive service of process, and upon whom process could be served in all proceedings instituted against the company in the courts of this State. The petition prayed for the issuance of process, and that a copy of the petition and process be served upon "Otho Benton as the local agent of said defendant company residing in Donalsonville, Seminole County, Georgia." The petition also prayed that "second original issue directed to the sheriff of Fulton County, Georgia, together with copy for service" on the person alleged to be the attorney in fact, residing in that county. Two processes were issued by the clerk in accordance with the prayers of the petition, and both were issued on the same day. One process was attached to the original petition and was directed to the sheriff of Seminole County, or his lawful deputies. The other process was attached to the second original and was directed to the sheriff of Fulton County or his lawful deputies. An entry of service made by the sheriff of Seminole County upon the original petition was as follows: "I have this day served the defendant Otho Benton, agt., personally with a copy of the within petition and process." An entry of service, made by a deputy sheriff of Fulton County, upon the second original, recited that service had been perfected upon the defendant by serving the person named in the petition as attorney in fact for the defendant, by leaving a copy of the "within writ and process with him the office and place of doing business of said corporation in Fulton County, Georgia."

At the return term of the court the defendant filed a traverse to the return of the sheriff of Seminole County, and denied that Otho Benton was an agent of the defendant on the date of the service upon him. The defendant further alleged that it had not been

legally served, had never waived service, and had never appeared and pleaded in the case, and that it made a special appearance solely for the purpose of traversing the return of service and to show that the court had no jurisdiction over it. The sheriff of Seminole County was made a party. The defendant also, at the return term of the court, specially appearing for that purpose, moved to quash the process attached to the second original and the service had thereon in the County of Fulton, upon the ground that as it affirmatively appeared from the petition that the defendant had an agent in Seminole County, upon whom service of the petition and process could be perfected, the second original and the process attached thereto were without authority of law, and that this process and the service perfected thereon in the County of Fulton were void. The defendant also filed a plea and answer to the petition. Later, when the case came on for trial, the plaintiff amended the petition by alleging that "plaintiff is informed and believes that the said Otho Benton was not the agent of the defendant company at the time of the institution of this suit," and by striking the prayer as to service upon him. On the same day a motion by the plaintiff to strike the defendant's traverse of the return of the sheriff of Seminole County was sustained. The order sustaining the motion reads as follows: "Upon motion of counsel for the plaintiff after the amendment of plaintiff had been allowed, the within traverse is stricken." The court afterwards overruled the defendant's motion to quash the process attached to the second original and the service thereon. The defendant filed exceptions pendente lite to both orders, and assigned error thereon in the final bill of exceptions. A trial upon the issues made by the petition and defendant's plea and answer resulted in a verdict for the plaintiff. The defendant moved for a new trial, which the court refused, and the defendant excepted. The Court of Appeals held in effect that although it appeared from the petition as amended that Otho Benton was not an agent of the company at the time of the purported service upon him, the petition failed to show that the company did not have "another person as its agent in the county;" and that unless there is no agent in the county where the suit is filed, service can not be perfected in another county by the issuance of a second original with process directed to the sheriff of the latter county. The Court of Appeals thus concluded that the process

attached to the second original and the service made thereunder were nullities, and that it was error for the trial court to dismiss the traverse filed by the defendant, and to overrule the motion to quash the process attached to the second original and the service made in pursuance thereof.

Certiorari was granted because of the importance of the questions involved, and because of doubt as to the correctness of two decisions by this court in *United States Casualty Co.* v. *Newman,* 137 *Ga.* 447 (73 S. E. 667), and *Jefferson Fire Ins. Co.* v. *Brackin,* 140 *Ga.* 637 (79 S. E. 467), which, so far as applicable, were necessarily followed by the Court of Appeals. The main questions for decision are: (1) In a suit against a foreign insurance company, where the company has appointed a resident of this State as its attorney in fact upon whom service may be perfected as provided by statute, can the plaintiff adopt this method of service without showing that the company has no agent in the county where the suit is filed? (2) If a plaintiff may and does elect to have service perfected in such manner, praying that a second ·original with process be issued for that purpose, is it proper for the clerk to issue such second original and process without previous direction from the court? (3) Is a process thus issued invalid because the clerk has previously issued and attached to the original petition a process directed to the proper officers of the county where the suit was filed? It would seem that under one if not both of the prior decisions mentioned, the first question should be answered in the negative, and, if so, that would end the present case; but after a careful re-examination of the law, we have reached the conclusion that these decisions failed to give a proper construction to the pertinent statutes, and that under the true law a different answer is required. We are of the opinion also that under proper answers to the second and third questions the record in the instant case shows valid process and service. In support of these conclusions, we will first consider the applicable statutes, and will then examine the prior decisions relating thereto.

The statutes to be considered are as follows: "Whenever any person shall have any claim or demand upon any insurance company having agencies or more than one place of doing business, such person may institute suit against the company in the county where the principal office of the company is located, or in any

county where the company shall have an agent or place of doing business, or in any county where such agent or place of doing business was located at the time the cause of action accrued or the contract was made, out of which said cause of action arose." Code of 1933, § 56-601. "In all such suits service shall be perfected upon such insurance company by leaving a copy of the petition or writ with the agent of the company, if any." § 56-602. "Any in-surance company not organized under the laws of this State, desiring to transact business in this State, shall file with the insurance commissioner a written instrument or power of attorney, duly signed and sealed, appointing and authorizing some person, who shall be a resident of this State, to acknowledge or accept service of process for and in behalf of such company, and upon whom process may be served, in all proceedings that may be instituted against such company in any court of this State, or any court of the United States in this State, and consenting that service of process upon any agent or attorney appointed under the provisions of this section shall be taken and held to be as valid as if served upon the company; and such instrument shall further provide that the authority of such attorney shall continue until revocation of his appointment is made by such company by filing a similar instrument with said insurance commissioner, whereby another person shall be appointed as such attorney: Provided, however, that the provisions of this section shall not be construed to alter or amend the laws relative to bringing suits and serving process on foreign corporations doing business in this State." § 56-603. Section 56-1433 of the Code of 1933 also provides for service upon a designated attorney in fact in certain cases; but that section does not apply in the present case, because it does not appear that the defendant was a company organized for any of the purposes specified in that law. See § 56-1426; Ga. L. 1897, p. 64. Accordingly, in this case the validity of the service made on the designated attorney in fact depends chiefly upon the meaning of section 56-603, which was taken from the act of 1887. Ga. L. 1887, p. 123. Although the Code of 1933 would seem to indicate that the preceding section 56-602 was taken from an act of 1891 (Ga. L. 1890-1, p. 75), the provisions of this section actually originated in the act of December 14, 1861, and is a statement of the applicable law as it existed at the passage of the act of 1887, supra. See Ga. L. 1861, p. 58; Code of 1882,

§ 3409; Code of 1910, § 2564. This statement does not, of course, take into consideration that portion of the act of 1861 which was held to. be unconstitutional in *Jefferson Fire Ins. Co.* v. *Brackin,* supra, and which does not appear in the present Code. ; This brings us to the narrow question of the relative meaning of sections 56-602 and 56-603 of the Code of 1933, which, as just explained, were adopted respectively as the law of this State in the years 1861 and 1887. In other words, after the act of 1861, it was the law that service upon an insurance company should be perfected "by leaving a copy of the petition or writ with the agent of the company, if any." But in 1887 the legislature provided that any foreign insurance company desiring to transact business in this State should, in a manner prescribed, designate and appoint some resident "to acknowledge or accept service of process for and in behalf of such company, and upon whom process may be served, *in all proceedings* that may be instituted against such company in any court of this State or any court of the United States in this State, and consenting that service of process upon any agent or attorney appointed under the provisions of this section shall be taken and held to be as valid as if served upon the company." (Italics ours.) In the passage of this statute, the General Assembly made the significant declaration that its provisions "shall not be construed to alter or amend the laws relative to bringing suits and serving process on foreign corporations doing business in this State."

We are of the opinion that the proper construction of this law is that section 56-603 provides an independent mode of service which may be pursued by any plaintiff, regardless of whether the company may have an agent in the county where the suit is filed. Any other construction would treat the act of 1887 as a mere amendment of the previous law, whereas the legislature expressly declared that it should not be so considered. In *United States Casualty Co.* v. *Newman,* supra, it was held that under the statute, as then recognized, service could be made by leaving a copy of the original suit or process at the agency or place where the company was doing business at the time of the execution of the contract; and that since the law provided a plain method of service in the county where the suit was filed, "there was no necessity or authority for the issuance of the second original for service upon a person resident in another county who had been designated by the

defendant company as its agent and attorney upon whom service could be made." The provision of the statute as to service by leaving a copy of the petition and process at a discontinued place of business, as applied in that decision, was later declared unconstitutional. *Jefferson Fire Ins. Co.* v. *Brackin,* supra. The reasoning there adopted, however, would appear to be inconsistent with the views which we have expressed above as to the right of a plaintiff to have service perfected upon the statutory agent, without condition. It is necessary, therefore, to consider whether the ruling made in that case is sound in principle. In support of the conclusion reached only two prior decisions were cited, namely, *Peters* v. *Queen Ins. Co.,* 137 *Ga.* 440 (73 S. E. 664), and *Devereux* v. *Atlanta Railway & Power Co.,* 111 *Ga.* 855 (36 S. E. 939). The *Peters* case went no further than to decide that a non-resident insurance company may be sued in the county where the company had an agent and place of doing business at the time of executing the contract sued on, and that in such case, where the company has no agent or place of doing business in the county at the time of suit, service may be perfected by leaving a copy of the petition and process at the place "where was located the agent and place of doing business of the company continuously from the time of the execution of the contract to the time of the company's discontinuance of the agency in that county." The *Devereux* case, supra, was not a suit against an insurance company, and did not involve a construction of the statutes here under consideration. It is thus evident that the cases cited did not support the ruling made in the *Newman* case. In *Equity Life Asso.* v. *Gammon,* 118 *Ga.* 236 (44 S. E. 978), there is some language supporting the view that service must be had upon a local agent if there is one; but the argument to this effect was a mere dictum, since the only question for decision was whether the insurance commissioner had authority under the law to appoint an attorney in fact upon whom service against the company might be perfected, where the company had not at any time made an appointment for that purpose. In *Jefferson Fire Ins. Co.* v. *Brackin,* supra, an action was brought against a foreign insurance company on a fire policy, in the superior court of the county wherein an agent and place of doing business were located when the policy was issued and the cause of action arose thereon, there being, however, no agent or place of doing business in such county at the

time the suit was instituted. The petition alleged that the defendant company had duly appointed and authorized a named person resident in another county of the State to acknowledge or receive service of process and upon whom process might be served in suits against the company. A second original and process thereon were issued by the clerk of the court in which the suit was brought, for the county in which such agent resided, the process being directed to the sheriff and his deputies of that county; and such agent was there duly served and the second original and process, with entry of service, were duly returned to the court where the suit was pending. Upon this state of facts it was held that the defendant was lawfully served, and that its motion to dismiss the case for want of service was properly denied. It was stated that the petition showed a necessity for service upon a designated attorney in fact resident in a different county; and the *Newman* case was distinguished upon this ground. The facts in the *Brackin* case were different from those in the case at bar, because in the present case there is nothing to show that the insurance company did not have a local agent upon whom service might be perfected. What was actually decided in the *Brackin* case is therefore not a precedent in the case now under consideration. It was only in distinguishing the *Newman* case that anything was said to indicate that service can not be perfected upon a specially designated attorney in fact, in the absence of anything to show that local service can not be made. But even to treat this statement as having the force of a decision, we have only the *Newman* and the *Brackin* cases in which the question here presented has been actually ruled upon by this court. Neither of these decisions was concurred in by a full bench of six Justices; and while they were binding upon the Court of Appeals, they are not absolutely binding upon this court as precedents. It is our present opinion that these decisions were based upon a misinterpretation of the statute, and we decline to follow them in the case at bar. See, in this connection, *Export Ins. Co.* v. *Womack,* 165 *Ga.* 815 (142 S. E. 851); Buckingham *v.* North German Ins. Co., 149 Fed. 622; Mutual Benefit Life Ins. Co. *v.* First National Bank, 160 Ky. 538 (169 S. W. 1028).

The second question refers to the action of the clerk in issuing a second original with process directed to the sheriff of a different county, for the purpose of having service perfected upon the desig-

nated attorney in fact. Was a previous order of court necessary in order to give validity to this official act on the part of the clerk? We think not. No such order was passed in the *Brackin* case, and yet it was held that the service was good. We are satisfied with the correctness of that conclusion, and will follow it in the present case. The records of file show also that no previous order directing the clerk to issue a second original was passed in any of the following cases: *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398 (2); *Devereux* v. *Atlanta Railway Co.,* supra; *Coakley* v. *Southern Railway Co.,* 120 *Ga.* 960 (2) (48 S. E. 372); *Central of Georgia Railway Co.* v. *Alford,* 154 *Ga.* 864 (115 S. E. 771). It does not appear, however, that the authority of the clerk to act without direction was specifically attacked in any of these cases. While there is language in some decisions to support the view that an order would be necessary, and which even implies, though incorrectly, that such an order had been passed in one or more of the cases just cited (see *United States Casualty Co.* v. *Newman,* supra; *Hutcheson* v. *Chandler,* 29 *Ga. App.* 726, 730, 116 S. E. 849), and whatever may be the proper rule as to this question in cases not falling under section 56-603, we do not hesitate to hold that this statute within itself supplies the clerk with all necessary authority in cases to which it is applicable. While this law does not expressly mention the issuance of a second original, it provides for a mode of service which a plaintiff may demand as a matter of absolute right; and a previous adjudication of necessity is not required. Cf. *Richards* v. *McHan,* 139 *Ga.* 37 (2) (76 S. E. 32). The record of file shows that this identical question was raised in the *Brackin* case, supra. A motion for a rehearing was made in that case, in which, among other things, it was contended that the clerk could not issue a second original in such case without an order of court. In that motion the company also invoked the rule as stated in *Peck* v. *LaRoche,* 86 *Ga.* 314 (12 S. E. 638), *Rowland* v. *Towns,* 120 *Ga.* 74 (47 S. E. 581), and *Medical College of Georgia* v. *Rushing,* 124 *Ga.* 239 (2) (52 S. E. 333), to the effect that where there is but one suit, one petition, and one defendant, the clerk has no power, without some direct and express order of court, to issue more than one process. The court denied the motion, thus holding, by implication at least, that such rule is not applicable in cases like the present. The same contention is made by the defendant in the

present case; and this brings us to the third question stated above. The contention is without merit. In the *Peck* case, supra, a second process was issued by the clerk of his own volition after the appearance term; and it was held that the process was void. The other two cases were of the same general character. None of them involved an application of the statute here under consideration. In the instant case the clerk was acting under a specific statute, under which the second original and process issued by him were fully authorized. His act in respect of these matters was not invalidated by the fact that he had on the same day issued and attached to the original petition a process directed to the local sheriff and his deputies. Whether or not the law requires the plaintiff to make an election as to the manner in which he will have service perfected in such cases, a duplication would not destroy the efficacy of an otherwise valid service. The defendant should merely be protected against extra cost as applied to service.

To refer again to the purpose of the act of 1887, this statute was evidently intended to relieve parties plaintiff from the uncertainty which might be attendant upon any effort to perfect service upon persons as local agents. Each mode of service would afford complete protection to the defendant, and it is difficult to perceive why the adoption of either method in preference to the other should be of any just importance to such party. On the other hand, how might a plaintiff know with certainty who was or who was not an authorized local agent upon whom service might be perfected? A lack of information upon this question might result in delay, if not the ultimate defeat of a just cause of action. Manifestly, it was within the purpose of the legislature to remove the mere matter of service from hazards of this kind, by requiring each foreign insurance company desiring to transact business in this State to appoint in writing some person as its resident agent or attorney in fact upon whom service might be perfected, and to file the power of attorney with the insurance commissioner as authentic information to any person interested. This was to make provision for a definite and certain method of service which could be adopted by any suitor without reference to existing laws. The new legislation was remedial, and should be liberally construed. To say that the service provided thereby can be obtained only when it is shown that there is no local agent upon whom service can be made is to

apply a strict construction, and thus to misconceive the wise and beneficent purpose of the legislature in the passage of this law. We are thus constrained to reverse the judgment of the Court of Appeals, although under the decisions in *United States Casualty Co.* v. *Newman,* and *Jefferson Fire Ins. Co.* v. *Brackin,* supra, no other conclusion could well have been reached by that court.

After the plaintiff amended the petition so as to show affirmatively that the person alleged to be the local agent was not such in fact, and that the service purporting to have been made upon him was ineffectual, it was not error to strike the traverse. While in these circumstances the proper practice might have been to sustain the traverse, the procedure adopted was harmless to the insurance company. The issue as to local service was put out of the case by the plaintiff's amendment, and the fate of the traverse was not material. The trial court properly overruled the defendant's motion to quash the process attached to the second original and the service thereon. The case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*