35993. GUARANTEE TRUST LIFE INSURANCE COMPANY *v.* RICKER.

CARLISLE, J. 1. (a) "Under the Civil Code (1910), § 2563 [Code § 56-601], a non-resident insurance company may be sued in the county where the company had an agent and place of doing business when the contract of insurance was made and the cause of action arose, although the company has abandoned its agency in that county and has no agent there at the time of the suit." *Peters* v. *Queen Ins. Co.,* 137 *Ga.* 440 (73 S. E. 664); *Jefferson Fire Ins. Co.* v. *Brackin,* 140 *Ga.* 637 (79 S. E. 467); *Seminole County Board of Education* v. *American Ins. Co.,* 180 *Ga.* 661 (180 S. E. 229); *Hagler* v. *Pacific Fire Ins. Co.,* 36 *Ga. App.* 530 (137 S. E. 293).

Applying this principle of law to the stipulation of facts contained in the statement of fact appended hereto, the Municipal Court of Augusta had jurisdiction of the defendant insurance company and the trial court did not err in overruling its plea to the jurisdiction.

(b) Pleas to the jurisdiction being in the nature of dilatory pleas must be verified, Code § 81-404, and being personal, must be verified by the defendant, and not by an agent or an attorney (*Colquitt* v. *Mercer*, 44 *Ga.* 432; *Akers* v. *J. M. High Co.*, 122 *Ga.* 279, 50 S. E. 105; *White* v. *North Georgia Electric Co.*, 136 *Ga.* 21, 70 S. E. 639; *Mumford* v. *Solomon*, 8 *Ga. App.* 286 (2), 68 S. E. 1075); and, while such a plea, filed by a defendant corporation may be verified by an officer or agent of the defendant corporation, an attorney at law for a defendant corporation who does not profess to be the corporation's agent in any other capacity may not verify a plea to the jurisdiction as "true to the best of his knowledge and belief." *Plant & Son* v. *Mutual Life Ins. Co.*, 92 *Ga.* 636 (19 S. E. 719), and citations. Where, however, as in the present case, a plea to the jurisdiction is defective, in that it is not properly verified, but the parties go to trial on the merits of the plea, making no objection to the defect as to verification, such defect is to be considered waived. (*Wood* v. *U. S. F. & G. Co.*, 4 *Ga. App.* 671, 62 S. E. 97; *Swint* v. *Seigler*, 30 *Ga. App.* 675, 118 S. E. 762), and the trial court does not err in considering such defective plea upon its merits.

2. While by the provisions of Code § 70-305 as amended by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 446; Code, Ann. Supp., § 70-305), the stenographic report of the trial of a case may be used in place of a brief of evidence when the immaterial questions and answers and parts of the stenographic report have been stricken, this rule does not contemplate that the original stenographic report will be sent to this court with the excludable portions included and marked out with ink as stricken (*Williamson* v. *Yakupian*, 211 *Ga.* 61, 84 S. E. 2d 15; *Anderten* v. *State*, 92 *Ga. App.* 544, 88 S. E. 2d 719); and, where, as in the present case, a stenographic report of the trial is brought to this court as a purported brief of evidence and a mass of immaterial portions are not deleted as contemplated by the rule stated in the *Williamson* case, supra, but such portions are merely stricken out by drawing through them, there has been no bona fide effort to comply with the requirements of the Code section in question, and this court will not pass upon any assignment of error in the determination of which reference must be made to the purported brief of evidence. The general grounds and the one special ground of the motion for a new trial come within that class, and will not be considered. The judgment of the trial court overruling the motion for a new trial must, consequently, be affirmed.

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 25, 1956—REHEARING DENIED MARCH 16, 1956.

*Hull, Willingham, Towill & Norman, W. Hale Barrett,* for plaintiff in error.

*B. M. Wimberly,* contra.