Merritt *vs.* The Cotton States Life Insurance Company.

---

THOMAS M. MERRITT, administrator, plaintiff in error, *vs.* THE COTTON STATES LIFE INSURANCE COMPANY, defendant in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. A consent order was taken during the term, authorizing a motion for a new trial and an agreement upon the brief of evidence within ten days from the adjournment of the court, the motion to be heard at chambers, as if in terms, within twenty days, either party having the right to except; ought such motion to be dismissed when made in compliance with the terms of the order? *Quære.* Two judges presiding, and they differing in opinion, the judgment of the court below refusing to dismiss is affirmed.

2. Suit may be brought against an insurance company on any claim or demand, in any county where said insurance company may have an agency or place of doing business, which was located at the time the cause of action accrued, or the contract was made out of which said cause of action arose.

3. Where suit was brought by an administrator, proof of his representative character was unnecessary, where no plea of *ne unques* administrator was filed.

4. An absolute refusal to pay by an insurance company, is a waiver of the sixty days time from proof of death, reserved by the policy, within which to make payment.

5. Where a policy, upon the ten annual premium plan, provided that after two annual payments, the policy should be valid for as many tenths of the amount insured as premiums had been paid, notwithstanding subsequent default, and four payments had been made prior to death:
*Held,* that all the conditions and stipulations embraced in the policy for the full amount, attached to the liability for the fractional part.

6. If the insured died by his own hand, then the policy is void, unless it be clearly shown that at the time the act was done, his mental condition was such as to render him incapable of distinguishing right from wrong to such an extent as to render him legally and morally irresponsible for his acts and conduct   The fact that the insured committed suicide, is not of itself evidence of insanity.

7. The verdict, so far as it covered twenty-five per cent. damages and $1,000 attorney's fee, upon the ground that the refusal of the defendant to pay was in bad faith, had no evidence to support it.

New trial. Practice in the Superior Court. Insurance. Jurisdiction. Venue. Administrators and executors. Waiver. Evidence. Insanity. Suicide. Before Judge CLARK. Sumter County. At Chambers, February 5th, 1875.

On March 24th, 1874, Thomas H. Merritt, as administrator upon the estate of Wade H. Merritt, deceased, brought complaint against the Cotton States Life Insurance Company, for $10,000 00, alleged to be due on a policy of insurance covering the life of said deceased. The declaration also contained a count for $4,000 00, it being four-tenths of the face of said policy, under a stipulation contained therein, four annual premiums only having been paid. A count for twenty-five per cent. damages, and for $1,000 00 counsel fees, was also added alleging that the payment was in bad faith.

The action was brought in the county of Sumter where the defendant had an agent. at the time the policy was issued. The principal office of the company was in Bibb county. Relying on these facts, the defendant filed a plea to the jurisdiction. The issue thus formed was submitted to the court without the intervention of a jury. The plea was overruled and the defendant excepted.

The defendant further pleaded that the defendant died by his own hand. Also, that if anything was due on the policy, it was $2,734 42, it being four-tenths of the sum insured, with a dividend added, deducting the amount due by deceased to defendant. Other pleas were also filed, not material here.

The evidence for the plaintiff made the following case:

Wade H. Merritt died on January 20th, 1874. The policy was, in substance, as follows:

It bears date the 20th day of December, 1869; is numbered six hundred and seventy-two, and purports to have been made in consideration of representations made in the application therefor, and an annual premium of $576 30 to be paid on or before the 20th day of December, for ten years next succeed-

ing the date of the policy, or during its continuance, premiums to be paid by an annual loan of $288 00, and a cash premium (annual) of $288 30, on the 20th day of December, subject to the conditions thereinafter named.

The policy agrees to pay, if it shall not be previously terminated, $10,000 00 (the balance of the years' premiums, if any, and all other notes or credits for premiums thereon, and other indebtedness of the insured to the company being first deducted,) to the insured or his executors, administrator or assigns, on the 20th day of December, 1919, or if the insured should die previously thereto, then within sixty days after due proof of his death is received by the company : provided, always, that this policy is issued by this company, and accepted by the insured, on the following express conditions :

If the premiums due are not paid as stipulated ; if the interest due on one note or credit for premium is not paid annually in advance; if the insured should die by his own hand ; if the declarations or any of the statements made in the application for this policy are fraudulent or untrue, then, and in each of these several cases, this policy shall terminate and become void and of no effect, and all premiums paid, and all interest in the funds of the company, shall be forfeited. But if, however, this policy shall be terminated by the nonpayment of premiums and for no other cause, after two years' premiums shall have been paid this policy shall still be valid for as many tenth parts of the sum insured as there shall have been premiums paid.   The policy was not to take effect until it was countersigned by George F. Fry, agent at Americus.   Fry countersigned 22d day of December, 1869.

It was conceded that the insured had paid four annual premiums previous to his death.

On February 20th, 1874, the secretary of the defendant wrote to the plaintiff as follows : "Yours of the 17th instant, informing me of the death of your brother, Wade H. Merritt, is at hand.   The premium due December 20th, 1873, was not paid, the policy was not in force from that date ; even

though payment had been made, the manner of his death would have rendered it void."

Reasonable fees, on the basis of a recovery of $10,000 00 were shown to be $1,000 00 ; on the basis of a recovery of $4,000 00, $500 00.

Here the plaintiff rested his case.

The defendant moved for a non-suit on the following grounds :

1st. Because the plaintiff had failed to show that he was the administrator of Wade H. Merritt, deceased.

2d. Because he had failed to show any proof of death, as required by the policy, or refusal to pay, as required by law.

3d. Because the defendant was not liable to suit until the expiration of sixty days from proof of death, whilst this action was brought within thirty-three days after the so-called refusal.

The motion was overruled, and the defendant excepted.

Much evidence was introduced by the defendant tending to show that the insured died by his own hand. This was replied to by the plaintiff by proof to show the insanity of the insured at the time of his death.

The court charged the jury, amongst other things, as follows:

1st. "By the terms of the policy, if Merritt continued to pay the premiums for ten years, he was entitled, at the end of ten years, to a paid up policy for $10,000 00, payable in 1919, or at his death if he should die sooner. This contract of insurance is subject to certain conditions, one of which, among others, is, that if the insured died by his own hand, or, in the language of the Code, committed suicide, then the policy of insurance is void. It is stipulated in the policy that if two premiums are paid the whole policy is not avoided by the non-payment of other premiums, but the insured is entitled to as many tenths of the ten thousand as he has paid annual premiums. In other words, after the payment of two premiums and a failure to pay more, he is entitled to a paid up policy for as many tenths as he had paid premiums. But he

ATLANTA, JULY TERM, 1875.  107

Merritt vs. The Cotton States Life Insurance Company.

is not released from the other conditions and limitations of the policy. The view of the plaintiff's counsel that he gets a paid up policy subject to no conditions or limitations is erroneous. If he should get a paid up policy he is as much bound by the conditions of the original policy as if he had not forfeited a right to the remainder. The company is largely interested in the continuance of the life of the insured, and if he should commit suicide after being entitled to a paid up policy for the whole or a fractional part thereof, the original policy is void and the company is not liable.

2d. "If the company agreed with Merritt to let him have thirty days within which to pay, after the time when the premiums were due, and he died, except by his own hand, within thirty days' time, the company is liable for the whole $10,000 00; if he died after the thirty days the company is not liable for the whole amount. In this case the premium was due on the 20th day of December, 1873, and it was agreed that Merritt died on the 20th day of January, 1874, the thirty days expired either at noon or midnight (it is immaterial which) of the 19th of January, 1874, and if he did not pay the premium for 1873 by noon or midnight of the 19th of January, 1874, the policy is void except as to the tenths he did pay. If Merritt paid four annual premiums and died, except by his own hand, after a failure to pay a premium past due, then his estate is entitled to recover four-tenths of the $10,000 00 after deducting the amount Merritt is due the company. And if entitled to recover, also to recover not more than twenty-five per cent. damages and reasonable attorney's fee, if the refusal and delay to pay is in bad faith. If the refusal to pay was because they did not honestly believe they were liable, then there is no bad faith and the damage and attorney's fee are not recoverable; but if the refusal to pay proceeded solely from a disposition to avoid a just claim, then the damages and attorney's fee are recoverable.

3d. " If the insured came to his death by his own hands, then the whole policy is void, as well as the amount paid, say four-tenths, as for the $10,000 00, and the company is not

liable at all.   A deranged man can take his own life so as to avoid a policy.   There are different grades of derangement, and if Merritt had mind enough to know what he was doing, and intended to take his own life, and did so in pursuance of that intention, then the policy is void, and the company is not liable.   But if his mind was so far gone that he was bereft entirely of reason, and in such a state of imbecility that he did not know what he was doing when he took his own life, then it cannot be said that he intended to take his life, and the policy, at least to the extent of four-tenths, is not void, and the company is liable, as stated before.   The law presumes, when a man dies, that he dies a natural death, and it is incumbent on the company to show that he took his own life.   If Merritt made false statements in his application for a policy as to previous derangement, the policy is void.   It is for you to say how much credit you will attach to his statement to that effect, as contained in his memorandum book, if he was actually deranged at the time the statements in the book were made."

The jury found for the plaintiff $2,734 52, twenty-five per cent. damages, and $1,000 00 attorney's fee.

The defendant moved for a new trial upon the following, among other grounds :

1st.   Because the court erred in finding in favor of the jurisdiction of the superior court of Sumter county.

2d.   Because the court erred in overruling the motion for a non-suit upon each of the grounds stated.

3d.   Because the court erred in charging as set forth in the 3d subdivision of his charge.

4th.   Because the verdict was contrary to the charge of the court.

5th.   Because the verdict was contrary to the law and the evidence.

The court ordered a new trial upon the ground that the jury found contrary to his charge, and because the verdict was contrary to the law and the evidence.

To this ruling the plaintiff excepted.

The facts as to the objection to the time when the motion for a new trial was made, are reported in the decision.

S. C. ELAM; HAWKINS & HAWKINS, for plaintiff in error.

COOK & CRISP, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on a life insurance policy. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for $2,734 52, with twenty-five per cent. damages on that amount, and $1,000 00 for attorney's fee. A motion was made for a new trial on the several grounds stated therein, which was granted by the court on eight of the grounds taken in the motion, and the defendant insists that the court should have granted the new trial on several other grounds stated in the motion, which the court overruled.

1. When the motion for a new trial came on to be heard, the plaintiff made a motion to dismiss it, on the ground that the motion for a new trial was not made at the term of the court at which the trial was had, but was made in vacation. It appears from the record that at the term of the court at which the trial was had, the following order was passed: "Upon consent of counsel in open court, ordered that defendant's counsel have ten days from the adjournment of this court to make out, perfect, and have filed in the clerk's office, an application for a new trial with original brief of evidence ordered to be filed. Such motion to be heard at chambers by the judge, as if in term, within twenty days, with the right of exceptions to both parties. Plaintiff also has the same time and terms, with like right of exceptions." The court adjourned on the 26th day of January, 1875. On the 1st day of February thereafter, the judge, at chambers, granted a rule *nisi* for a new trial, and suspended the verdict and judgment until further order, and set the case for a hearing on the 5th of

February. On the 2d of February the plaintiff acknowledged service on the defendant's motion for a new trial with a protest that a motion for a new trial and *supersedeas* could not be made, filed, and ordered in vacation, and agreed to a brief of the evidence with a similar protest. The judge overruled the motion to dismiss the motion for a new trial, and the plaintiff excepted, and assigned the same as error. There being only two judges presiding, and being divided in opinion as to the plaintiff's motion to dismiss the defendant's motion for a new trial, the judgment of the court below on the question of dismissal stands affirmed.

2. There was no error in the ruling of the court at the trial as to its jurisdiction of the defendant in the county of Sumter under the evidence in the record, as provided by the 3408th and 3409th sections of the Code. The constitutional power of the general assembly to enact these two sections of the Code, was recognized and settled by this court in *Davis vs. The Central Railroad and Banking Company*, 17 *Georgia Reports*, 323.

3. There was no error in overruling the defendant's motion for a non-suit on either of the three grounds taken in the motion therefor. There being no plea of *ne unques* administrator, the plaintiff was not required to prove that he was administrator at the trial.

4. The absolute refusal of the defendant to pay, was a waiver of the preliminaries required by the policy as to time of payment: Code, section 2813. The manner and circumstances of the death of the insured under the evidence, was a question to be submitted to the jury.

5. There was no error in the charge of the court that if the plaintiff had obtained a paid up policy, he was as much bound by the terms and conditions of the original policy, as if he had not forfeited his right to the remainder of the policy.

6. If the insured died by his own hand, then the policy is void, unless it be clearly shown that at the time the act was done, his mental condition was such as to render him incapa-

ble of distinguishing right from wrong to such an extent as to render him legally and morally irresponsible for his acts, and conduct. The fact that the insured committed suicide is not of itself evidence of insanity.

7. In view of the evidence contained in the record, and of the law applicable thereto, we will not interfere to control the discretion of the court in granting a new trial in this case, the more especially as there is no evidence which would have authorized the jury to find twenty-five per cent. damages on the amount recovered, and $1,000 00 for attorney's fees on the ground that the refusal of the defendant to pay the plaintiff's claim was in *bad faith*, as provided by the 2850th section of the Code.

Let the judgment of the court below be affirmed.