## ATLANTA HOME INSURANCE CO. *v.* TULLIS.

*Simmons, C. J.*—1. According to the decision of this court in *Empire State Insurance Co.* v. *Collins*, 54 *Ga.* 376, an insurance company cannot be sued in a county where it had no agent or place of business at the time when the action was brought, although it may have had an agency in that county at the time the cause of action arose.

2. The decision of this court in *Merritt* v. *Cotton States Life Insurance Co.*, 55 *Ga.* 103, when considered in connection with its actual facts as disclosed by the record on file in the clerk's office of this court, does not conflict with the ruling made in the case above stated. All of the facts of the *Merritt* case do not appear in the official report, but the record itself shows that the person served with the process against the insurance company was in fact its agent, and acting as such when the suit was begun and the service perfected upon him.

3. The court erred in overruling the motion to set aside the judgment, made in due time, and based upon the grounds that the

defendant company had never been lawfully served, and that the court had no jurisdiction to render such judgment.

July 13, 1896.  By two Justices.    *Judgment reversed.*

Motion to set aside judgment.    Before Judge Hansell. Thomas superior court.    April term, 1895.

On September 22, 1894, Tullis sued the insurance company upon a policy of fire insurance issued to him by its agents for the term of one year from January 3, 1894; a loss by fire claimed to have been covered by the policy having occurred on April 27, 1894.    Service of the suit was. made upon the agents who had represented the company at Thomasville where and during the time the policy was issued.    No defense to the action was made until after plaintiff obtained a verdict on April 16, 1895.    Four days later the company moved to set aside the verdict and to open the default, and for leave to defend the action.    This motion appears to be in the form of two affidavits, one by the secretary, the other by the president of the company, the one dated April 12, the other April 19, 1895.    These affidavits set up, that the company is a resident of Fulton county and has never resided outside of that county or in the county of Thomas; that neither the company nor any of its agents, representatives or officers had knowledge or notice of the pendency of the suit until April 18, 1895, when they received a letter from plaintiff's attorneys; that no process had ever been served on defendant, and the judgment was rendered without jurisdiction of the person or subject-matter; that on May 9, 1894, the company withdrew all its agents and agency from Thomas county, and has not since resided nor had an agent therein upon whom service of process might be had, nor for the transaction of any business; that it had a good and meritorious defense to the suit, to wit, that the policy did not refer to or cover the premises. claimed to be destroyed and the company at no time intended to issue or deliver a policy covering said property; that on July 13, 1894, the company notified plaintiff of its.

withdrawal from Thomasville and from said county and that it had cancelled all outstanding policies, and expressed to him $2.13, the amount of return premium due under the policy, and notified him of its cancellation; and that the policy sued on was a subsisting contract covering other and distinct property from that claimed to have been destroyed.

It appears from the evidence, that the plaintiff was the owner of two houses upon adjoining lots in Thomasville, at the time the policy in question was issued. He had applied to Evans & Son, who were then agents for the company at Thomasville, for a policy covering the house which was burned in April thereafter; but by inadvertence the agents erroneously inserted in the policy a description of the other of the two houses, and the mistake was not discovered until after the fire occurred. Said agents notified the company of the loss immediately upon its occurrence, and the company sent an adjuster to Thomasville who examined into the circumstances, and in repeated conversations left upon plaintiff's mind the impression that the loss would be satisfactorily settled. It was on the 9th of the following month that the company withdrew its agency from Thomas county. Much correspondence then passed between Evans & Son and the company. On June 12, the company's secretary wrote to Evans & Son, in reply to a letter from them in reference to plaintiff's claim, stating that he had not complied with the conditions of the policy, particularly as regards the filing of proofs, and that after this was done the company would advise them of its position in the matter. Proofs of loss were forwarded to the company three days afterwards, and the company acknowledged receipt of them on June 18 and propounded to Evans & Son a number of questions regarding the matter. On June 27, Evans & Son replied to these questions in writing. The testimony for the company was to the effect, that Evans & Son failed to transmit the process or to inform the company of service of the same and of the filing of the suit; and that

on July 13, 1894, the company sent to plaintiff by express $2.13 as the return premium due upon cancellation of the policy, and mailed him a letter stating that the company had withdrawn from Thomasville and cancelled all outstanding policies, and thereby gave him notice that the one in question was cancelled and of no further force. Plaintiff's testimony was, that the company had never advised him that it had withdrawn from or ceased to do business in said county, nor had he at any time received any notice that any policy issued by it had been or would be cancelled; and that while he was notified by the agent of the express company of the receipt of a package containing a little over $2.00 which had been sent to him, he promptly refused to receive it and ordered it to be returned to the company.

The court overruled defendant's motion, and it excepted.

*Palmer & Read,* for plaintiff in error.
*Hammond & Hammond,* contra.