## GEORGIA RAILROAD & BANKING CO. *v.* BENNEFIELD.

1. The provisions for perfecting service on leasing railroads, as set forth in the Civil Code, § 2801, do not contravene the State constitution in respect to due process of law, nor the Federal constitution on the like subject, nor the latter constitution as to the equal protection of the law.
2. The court of the county where a cause of action originated against a lessor railroad company, by reason of the tort of an agent of th. lessee company, has jurisdiction of the lessor company, though it has no agent or place of business in that county, but its office and principal place of business is in a different county in this State. This ruling is not contrary to the provisions of the State constitution that all civil cases, except those enumerated, shall be tried in the county where the defendant resides.

SEPTEMBER 24, 1912.

Action for damages. Before Judge Pendleton. Fulton superior court. June 7, 1911.

John Bennefield brought an action for damages for personal injuries against the Georgia Railroad & Banking Company. The defendant company, under charter power, had leased its franchise and railroad property to the Louisville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company, which two companies were operating the railroad of the defendant company in the name of the Georgia Railroad. The injury for which the suit was brought was caused by an alleged tort of the conductor on one of the trains of the lessees upon which the plaintiff was a passenger, and occurred in Fulton county, where the action was instituted. The defendant conceded its liability to suit in the case under the provisions of the Civil Code, § 2228, but contended that it had not been legally served, and that it was not subject to suit in Fulton county. These contentions were presented by objection to the method of service duly made, as well as by plea in abatement and plea to the jurisdiction. Service was made upon the defendant in accordance with the provisions of the Civil Code, § 2801, providing for service on leasing railroads; that is, the plaintiff filed with the

clerk of the superior court of Fulton county, where the action was commenced, a notice in writing, directed to the president of the company, Jacob Phinizy, at Augusta, Richmond county, Georgia, informing him fully of the pendency of such suit and of its nature, which was enclosed in a stamped envelope, furnished by and at the expense of the plaintiff, which was sent by the clerk through the mail to the president of such company at his residence at least fifteen days before the appearance term; and the clerk in addition delivered to the sheriff of Fulton county a copy of a writ, who served the same on the depot agent of the lessee companies, and return was made thereof as in other cases.

The defendant contended that it had no officer or representative in Fulton county, and that no agent or representative of the defendant company had been served, but that service had been perfected only upon an agent of the lessee companies, and notice merely of the pendency of the suit had been mailed to the president of the defendant company; that such service did not accord to the defendant company due process of law, and was, therefore, contrary to article 1, paragraph 3, of the constitution of this State, providing that "no person shall be deprived of life, liberty, or property, except by due process of law." It was further contended that such service, made in accordance with the code section before referred to, 'tended to deprive the defendant company of its property without due process of law, and was therefore contrary to the constitution of the United States, and was contrary to the fourteenth amendment to the constitution of the United States, declaring that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." The further contention was made that such service denied the defendant company the equal protection of the law, as defendant was discriminated against by this method of service, in that all other corporations in the State are required to be served through an agent, officer, or representative; and for this reason that the method of service provided for by such code section is contrary to the fourteenth amendment to the constitution of the United States, in that it denies to the defendant company the equal protection of the law. The contention of want of jurisdiction of the superior court of Fulton county over

the defendant company was based upon the fact that the defendant company had no agent or agency in such county, and did no business therein, but that its place of business was in Richmond county, and that only the courts of the latter county had jurisdiction of the case, and that an attempt to sue the defendant company in Fulton county was contrary to art. 2, sec. 16, par. 6, of the constitution of this State, to the effect that "all civil cases shall be tried in the county where the defendant resides," etc.

*Joseph B. & Bryan Cumming* and *McDaniel & Black,* for plaintiff in error. *Alonzo Field,* contra.

FISH, C. J. We can not concede the soundness of any of the contentions of the defendant company. An action for personal injuries against any railroad company must be brought in the county in which the cause of action originated, if such company has an agent in that county; and a judgment rendered in any other county is utterly void. Civil Code, § 2798. "If the company have no agent in the county in which the cause of action originated, the action may nevertheless be brought in that county, the court having power to perfect service upon the defendant." *Devereux* v. *Atlanta R. Co.,* 111 *Ga.* 855 (36 S. E. 939) ; *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398; *Coakley* v. *Southern Railway Co.,* 120 *Ga.* 960 (48 S. E. 372). See also *Bracewell* v. *Southern R. Co.,* 134 *Ga.* 537 (68 S. E. 98), and authorities cited. If, when an action is brought in the county in which the cause of action originated, where the defendant company has no agent, the court has power to perfect service upon the defendant, it must be true that the legislature may provide for perfecting service upon the defendant in such a case, as is done in the Civil Code, § 2801.

*Judgment affirmed. All the Justices concur.*