JEFFERSON FIRE INSURANCE COMPANY *v.* BRACKIN.

FISH, C. J.　1. The Civil Code, § 2563, provides that suit upon any demand against an insurance company having agencies or more than one place of doing business in this State may be brought in a county where an agent or place of doing business of the company was located at the time the cause of action accrued, or the contract was made out of which said

cause of action arose, although the company may have no agent or place of doing business in such county at the time the action is instituted. *Held:* (*a*) That this portion of said section is not in conflict with the provision of the constitution of this State requiring that all civil cases, other than those specifically excepted, shall be tried in the county where the defendant resides. *Davis* v. *Central R. &c. Co.*, 17 *Ga.* 323; *Ga. R. &c. Co.* v. *Oaks*, 52 *Ga.* 410 (2); *Merritt* v. *Cotton States Life Ins. Co.*, 55 *Ga.* 103, 110 (21 S. E. 1010); *Savannah &c. Ry. Co.* v. *Atkinson*, 94 *Ga.* 780-783 (21 S. E. 1010); *Gilbert* v. *Ga. R. &c. Co.*, 104 *Ga.* 412 (3), 415 (30 S. E. 673); *Ga. R. &c. Co.* v. *Bennefield*, 138 *Ga.* 670 (75 S. E. 981). The cases of *Empire State Insurance Co.* v. *Collins*, 54 *Ga.* 376, and *Atlanta Home Insurance Co.* v. *Tullis*, 99 *Ga.* 225 (25 S. E. 401), were commented on and explained in *Peters* v. *Queen Insurance Co.*, 137 *Ga.* 440 (73 S. E. 664). (*b*) It follows that the portion of the code section above referred to does not contravene the declaration in the constitution of this State that no person shall be deprived of property except by due process of law. (*c*) Nor is it in conflict with the clause of the constitution of the United States which declares: "No State shall make or enforce. any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny any person within its jurisdiction the equal protection of the laws." The part of the code section under consideration applies alike to all insurance companies doing business in this State, domestic as well as foreign.

2. The Civil Code, § 2564, provides, that, in an action of the character referred to in the preceding note, service may be perfected upon the insurance company by leaving a copy of the petition or writ where the agency or place of doing business was located in the county at the time the cause of action accrued, or the contract was made out of which the same arose. This provision of the code section is unconstitutional, because violative of the due-process clause of both the State and Federal constitutions. One of the essential elements of "due process of law," to which every one is entitled before he can be lawfully deprived of his property, is notice of the procedure against him. This notice must not be dependent upon chance, and must at least be such as with reasonable probability will apprise him of the pendency of the proceeding. McElreath on the Constitution of Georgia, § 1104; 3 Words & Phrases, 2227 et seq. Manifestly, leaving a copy of the petition or writ at the place where the insurance company had formerly an agency or place of doing business in a county, but where the company had no agent or place of doing business at the time of the bringing of the suit, can not be such notice as in this respect will constitute due process of law.

3. An action was brought against a foreign insurance company on a fire policy, in the superior court of the county wherein an agent and place of doing business were located when the policy was issued and the cause of action arose thereon, there being, however, no agent or place of doing business in such county at the time the suit was instituted. The petition alleged that the defendant company had duly appointed and authorized a named person resident in another county of the State to acknowledge or receive service of process and upon whom process might

be served in suits against the company. A second original and process thereon were issued by the clerk of the court in which the suit was brought, for the county in which such agent resided, the process being directed to the sheriff and his deputies of that county; and such agent was there duly served and the second original and process, with entry of service, were duly returned to the court where the suit was pending. *Held*, that this constituted legal service upon the defendant, and that a motion to dismiss the case for want of lawful service was properly denied. See *Devereux* v. *Atlanta Railway &c. Co.*, 111 *Ga.* 855 (36 S. E. 939), wherein, as the record filed in this court shows, service was perfected in exactly the same way as in the case at bar; also *Ga. R. &c. Co.* v. *Bennefield*, 138 *Ga.* 670 (75 S. E. 981), and cases cited. There was no ruling made in the case of *United States Casualty Co.* v. *Newman*, 137 *Ga.* 447 (73 S. E. 667), which conflicts with what we now hold. In that case no question was made as to the constitutionality of the provision in the Civil Code, § 2564, for effecting service by leaving a copy of the original suit and process at the agency or place of doing business of a defendant insurance company at the time of the making of the contract out of which the suit arose; and therefore it was said, that, as the statute provided a plain method of perfecting service in the county where the suit was brought, there was no necessity or authority for the issuance of a second original for service upon the person resident in another county, who had been designated by the defendant company as its agent and attorney upon whom service could be made. As we have now held such method of service not to be lawful, there is a necessity, as was held in *Devereux* v. *Atlanta Railway &c. Co.*, supra, that service be perfected by the issuance as a second original, as was done in the present case.

*Judgment affirmed. Evans, P. J., dissents. The other Justices concur.*

Evans, P. J., dissenting. I can not agree that the legislature may constitutionally enact that the venue of an action against a corporation may be located in a county other than where the corporation is doing business at the time suit is filed. I agree that the legislature may fix the residence of a corporation which it creates, but this privilege and right is subordinate to the constitutional command that suits (with certain exceptions) must be located in the county of the defendant's residence. The legislature may declare a corporation to be a resident of a county where it is engaged in business at the time of the suit, but can not declare a corporation to be a resident of a county for purposes of suit, where it neither has property nor agency or agent, nor is engaged in transacting any business, without violating the constitution.

October 2, 1913.

Action upon insurance policy. Before Judge Frank Park. Decatur superior court. July 5, 1912.

*Smith, Hammond & Smith,* for plaintiff in error.

*T. S. Hawes,* contra.