## PERDUE, executor, v. SIMMONS et al.

ATKINSON, J. A will was executed on February 5, 1921, which contained the following: "Item 2. I give to my children, Gussy Hill, Roney Hill, Grover Hill, Jut Hill, Dollie Hill, and Louis Hill, all of my real estate consisting of the following land: four hundred and eighty-eight (488) acres of land deeded to me by Eula, Nora, Madison, and John Hill; also two hundred (200) acres of land known as the Jerry Curry place; also seventy-two and one half (72½) acres of land known as the Joe Roberts place; also all of my personal property consisting of household and kitchen furniture, hogs, cows, and mules, except the mule my nephew Stephen Hill is now working or may be in possession of at my death, which I give to him. Item 3. I wish my executor to give Pearl Mason a support as long as she remains single and conducts herself in an upright manner. I also wish my executor to give to my nephew, Stephen Hill, a house so long as he lives on the place, the same land he now cultivates, and the same house on my land free of charge, to look after the farming business for the interest of the place. I wish my farming tools of every kind to be kept on the place; also the wagons and harness, buggy and harness, for the use and benefit of my children in Item 2 as their property. Item 4. I wish my executor to collect my life-insurance policy of one thousand ($1,000.00) dollars and pay my burial expenses, and the balance over said expenses to be kept in some safe bank for my children named in Item 2. I wish my executor to keep all of my land together undivided until my youngest child is twenty-five years old. Item 5. I do hereby appoint my friend Augustus or Gus Perdue, executor of this my will." A codicil was executed on February 14, 1921, which contained the following: "I will to Lizzie Simmons for her faithful services to me, I give her the seventy-two and one-half (72½) acres of land, known as the Joe Roberts Place, during her life. I wish my executor, Gus Perdue, to build a house of comfortable size for her to live in on said land, the taxes to be paid annually by my executor, Gus Perdue, and to see that she has a support during her life, and at her death this land is to go to my children, the building expenses to be paid out of my estate." The testator died "on or about the 19th day of February, 1921," and the will was duly

probated. The executor took charge of the estate without giving any bond. The life-insurance and other money was collected and placed on deposit in the First National Bank of Milledgeville. The house specified in the codicil was never built. On October 10, 1922, Lizzie Simmons instituted an action against the executor and the bank, for injunction to prevent disposition of the money on deposit, and for a receiver to take charge of the estate and construct the house and furnish provisions for her support. The grounds of relief alleged were the failure of the executor to carry out the terms of the will with respect to building a house and furnishing support, and waste of the estate. As to these matters an issue was raised by the pleadings. At a hearing on December 26, 1922, on conflicting evidence the judge passed an order which provided: "Said executor is restrained from altering the present status of the property belonging to said estate. This is not to be construed to prevent said executor renting the lands of said estate for 1923 to the best interest of said estate. 2nd. The First National Bank of Milledgeville is restrained from altering the present status of the money on deposit by said executor. 3rd. The question of the appointment of a receiver in this case is deferred until the January term, 1923, of the superior court of Baldwin county. In the meantime, if the defendant will pay to the attorneys for the petitioner the sum of one hundred dollars for her support by the 10th day of January, 1923, and the further sum of twenty-five dollars per month by the 10th day of each month, then no receiver will be appointed unless there is danger of loss to the interest of said plaintiff. Said payment of $25.00 per month to continue until the final disposition of said case, and all of said sums to be accounted for by the petitioner in the final trial of this case on her claim for support as provided by said will." The executor did not make any payment as required in this order, and on January 19, 1923, the judge, without hearing additional evidence, passed the following order appointing a receiver: "It is ordered, and hereby adjudged, that Mr. J. C. Black is appointed receiver to administer the assets of the estate of Stephen Hill, in accordance with said order and judgment, and according to the intent of the said Hill's will, and under and by the direction of the court. Said receiver to give bond [in the?] sum of $500.00 payable to clerk superior court, and to be approved by him, for the faithful discharge of his duties as said receiver." The defendants excepted. *Held,* that the judge was authorized to appoint the receiver.      *Judgment affirmed. All the Justices concur.*

*Edward R. Hines* and *George S. Carpenter,* for plaintiff in error. *Allen & Pottle* and *Sibley & Sibley,* contra.