No. 6861. JUNE 12, 1929.

WALKER *et al.* v. SIRMANS & COMPANY *et al.*

BECK, P. J. Where a suit for land was brought and entry of service was duly made by the sheriff, and no answer had been made at the appearance term or the trial term, the case being in default, and where the

plaintiffs made out their case and the jury rendered a verdict in their favor, and judgment was had and a writ of possession issued, the defend-. ants might, if they had not been served and had never had their day in court, have the judgment and writ of possession set aside, upon a motion duly made. So where the defendants in judgment, at the same term of court at which the judgment was rendered, filed a written application to have the judgment set aside upon the ground that they had never been served with "process or notice of the pendency of the suit whereon said judgment was based, nor had they waived service, nor did they appear or defend said suit," and where in the application they traversed the return of the sheriff wherein service of the petition and process in the case was duly entered, and prayed that the sheriff and his deputy who made the entry of service be made parties, so that the issue made by the traverse might be tried; and where they also offered to plead immediately to the plaintiff's petition, and did file a plea and announced ready for a hearing, this written application to the court, while in many respects having the form of an affidavit of illegality, might be treated as a motion to set aside a judgment against the applicants or movants, and should not have been dismissed upon demurrer, but should have been heard upon its merits, and applicants should have been given an opportunity of supporting the same by evidence; and if the allegations in the motion were sustained by proof, the judgment should have been set aside. It was error, therefore, to dismiss such an application and motion upon demurrer. *Atlanta Home Insurance Co.* v. *Tullis,* 99 *Ga.* 225 (25 S. E. 401); *Harralson* v. *McArthur,* 87 *Ga.* 478 (13 S. E. 594, 13 L. R. A. 689). *Judgment reversed. All the Justices concur.*

No. 6929. JUNE 12, 1929.

*Ben C. Williford,* for plaintiffs in error. *J. O. Sirmans,* contra.