WHITE, executor, *v.* GLASGOW.

610

No. 14002.   FEBRUARY 10, 1942.   REHEARING DENIED MARCH 14, 1942.

*O. C. Hancock,* for plaintiff in error.

*Alex. McLennan* and *Warren W. Glasgow,* contra.

GRICE, Justice. ■ Although orders under various circumstances were issued in this case by each of the seven judges of the superior court of the Atlanta Circuit, the sole exception is to the refusal to sustain a motion to dismiss the plaintiff's petition as amended, together with all the (interlocutory) petitions and orders entered by the court. As one of his bases therefor, the movant challenged the legality of the service. The petition was filed on December 6, 1938, in Fulton superior court. Norman A. White was alleged to be a resident of Fulton county. A month later an amendment was filed which recited that at the time the suit was

filed Norman A. White was non compos mentis, and that before service could be had upon him he was removed from Fulton County into Cobb County, where he was placed in a sanitarium; the amendment reiterating the statement that he was only temporarily residing in Cobb County, that he was a resident of Fulton County, and that his home and all his personal effects were located in Fulton County. It was prayed that a second original be directed to the sheriff of Cobb County, for service upon him. The court ordered the amendment filed, and three days thereafter ordered that the clerk issue a second original for service upon the defendant in Cobb County by the sheriff of that county. The sheriff executed it by personally serving White with a copy of the petition and process. Later a guardian ad litem was regularly appointed to represent his interest in the litigation. The appointment was in writing accepted, and an acknowledgment of service, with waiver of all further service and notice, was made by the guardian ad litem, and he acknowledged himself a party to the proceeding.

The suit being one for the appointment of a receiver, the superior court of Fulton County had jurisdiction of the subject-matter. It named as defendants two persons, both alleged to be residents of that county. Fulton County, therefore, was the only place where the suit could have been brought. Since upon presentation of the petition the judge appointed a receiver, under the particular facts, the service had to be personal. Code, § 81-213. The fact that Norman A. White was alleged to be non compos mentis did not obviate the necessity for this service. It rather accentuated it; for it has been held that the provision of the Code, § 81-212, which directs how minors shall be served, applies also to lunatics. *Scott v. Winningham,* 79 *Ga.* 492 (4 S. E. 390). This section provides for personal service. When this has been done, and the requirements followed as to the appointment of a guardian ad litem, and his agreement to serve, the person under disability shall be considered a party to the proceedings. Code, § 81-212. The case could not proceed as against the defendant Norman A. White until he had been served. Confronted with the situation outlined above, was the court helpless? It had jurisdiction both of the subject-matter and of the parties. The complainants were praying for relief. Was the court compelled by its inaction to admit its impotency to have personal service perfected merely because a defend-

ant, although residing in the county of the forum, had been re-moved temporarily into another county? · It was said in *Devereux* v. *Atlanta Railway & Power Co.,* 111 *Ga.* 855 (36 S. E. 939), that a court with jurisdiction of the person and subject-matter of an action necessarily has the power to take proper steps to have service duly made. See *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398; *Coakley* v. *Southern Railway Co.,* 120 *Ga.* 960 (48 S. E. 372); *Georgia Railroad & Banking Co.* v. *Bennefield,* 138 *Ga.* 670 (75 S. E. 981); *Jefferson Fire Insurance Co.* v. *Brackin,* 140 *Ga.* 637 (79 S. E. 467); *Central of Georgia Railway Co.* v. *Alford,* 154 *Ga.* 853 (115 S. E. 771), in several of which the statement above referred to in the *Devereux* case was cited with approval.

There is an additional reason why the court in the instant case had the power to provide by order that service be made. The Code of 1863, § 4097, pointed out a definite method of serving defendants in all equity cases. It dealt with residents as well as non-residents. It did not make provision for personal service on defendants, although residents of the county where suit was brought, who had been removed temporarily to another county. The section concluded with the words, "And in all cases not embraced within the foregoing provisions, the judge may prescribe for extraordinary service, according to the exigency of each case." There have been two changes only in this section as it stood in the Code of 1863. One was to change the name of a suit in equity from a bill to a petition, with process annexed instead of a subpœna, as under the old practice. The other was as to the mode of service on defendants residing in two or more counties. In recodifying the section, however, the codifiers of the later codes, beginning with the Code of 1895, placed the clause next above quoted, that is, "In all cases not embraced within the foregoing provisions," etc., in a section which deals only with service on non-residents (Code, § 81-204), although the section last referred to immediately follows other Code provisions as to service on residents. Properly construed, the words "not embraced within the foregoing provisions" do not refer merely to the subject-matter of the Code section alone, but as well to the method of service on other defendants in an equity case which are embraced in other preceding sections of the Code. We conclude therefore, that, independently of the power possessed by every court having jurisdiction of the person and

subject-matter, there is authority expressly given in the Code for the judge in equity suits, when confronted with a situation not embraced within the provisions of the Code relating to the method of service, to prescribe extraordinary service according to the exigencies of each case. What more appropriate or effective means can be suggested than that adopted by the judge in his order? Counsel for plaintiff in error insists that under previous decisions of this court it has been held that the issuance of a second original and the service of a copy thereof can not be employed in a case such as this, and relies on *First National Bank* v. *Dukes,* 138 *Ga.* 66 (74 S. E. 789), and *Scott* v. *Scott,* 192 *Ga.* 370 (15 S. E. 2d, 416). As to the first of these two cases, the defendant had permanently removed from the county at the time the order to serve him was issued. The ground on which the decision was put was, as stated in the opinion, as follows: "If before the time of service the defendants removed from the County of Liberty to Bryan County under circumstances which made this removal to Bryan County a change of their domicile to that county, then the suit could not proceed against them in Liberty County. For, in order to give the court of Liberty County jurisdiction, there should have been a suit pending against the defendants before their removal from the county; and in order to constitute a pending suit at law there must be the filing of a petiton and service in pursuance thereof." The statement near the end of the opinion, that "We know of no authority for the issuance of second originals, except where there are two or more defendants joined in the same action, and where one or more resides in the county where the suit is brought, and one or more of the defendants resides in another county," was broader than the facts warranted, and was not necessary to the decision actually made. For instances where service was ordered made by the service of second originals, and declared proper, although not arising in cases where two or more defendants were joined in the same action, one of whom resided in a county other than the one in which the suit was brought, see *Jefferson Fire Insurance Co.* v. *Brackin,* supra, and the authorities cited by Chief Justice Fish in the third headnote. *Scott* v. *Scott,* supra, was a divorce case where the defendant was alleged to be a resident of Crisp County, where the suit was brought, but was then in Worth County serving a sentence in the penitentiary. Without any order by the court as to service, the

clerk issued a second original directed to the sheriff of Worth County. The Worth County officer served the defendant with a copy. This court held that the service was illegal, it being distinctly stated in that decision that there was no order by the judge providing for any service on the defendant, and no motion by the plaintiff for such an order, and therefore that no question was involved and no decision made as to whether "under the Code, § 81-204, or under any inherent power of the court, the judge could 'prescribe extraordinary service according to the exigencies' under the averments of the case, and, if so, when and what service would have been legal and proper." There was no error in refusing to dismiss the petition as amended, on the ground that there had been no legal service.

It is also urged that the petition should be dismissed on the ground that it fails to set forth a cause of action, either at law or in equity, against this defendant, in that it affirmatively appears that the plaintiff has a plain, adequate, and complete remedy at law. "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403. Mrs. Glasgow, according to the allegations of the petition, is vitally interested in the estate of which Norman A. White is the executor. She alleges, that he has collected rents belonging to petitioner, and intermingled the same with his own, and kept no account thereof; that her mother left money in various banks which has been by him commingled with his own funds; that both complainant and her brother, Norman A. White, possess rented property which has been in his hands; that he has managed the same and collected the rents therefrom; that no one is now in charge of said property except her brother, who is now insane; and that he is an unmarried man with no children. Among the prayers are that a receiver be appointed to take charge of the properties, and to pay out such funds as the court may deem just and proper for his hospitalization; and for general relief. True the court of ordinary could appoint a guardian for him, whose duty it would be to look after Norman A. White's property; but this could not be done in a day, and in the meantime who would pay for his

618

hospitalization? If unfit to remain executor, he could by the court of ordinary be removed and an administrator de bonis non cum testamento annexo be appointed; but in the meantime who would look after the properties of the testatrix?

Against an oral motion to dismiss, the petition contained allegations to justify a court of equity, in the exercise of its discretion, to grant the extraordinary relief sought. Code, §§ 55-301, 55-302. Compare *Huggins* v. *Huggins,* 117 *Ga.* 151, 160 (43 S. E. 759); *West* v. *Mercer,* 130 *Ga.* 357 (60 S. E. 859); *Perdue* v. *Simmons,* 157 *Ga.* 311 (121 S. E. 336).

*Judgment affirmed. All the Justices concur.*